IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REPORTERS COMMITTEE FOR**
**FREEDOM OF THE PRESS**
1156 15th Street NW, Suite 1020
Washington, DC  20005

     Plaintiff,

   v.

**DEPARTMENT OF THE ARMY**
101 Army Pentagon
Washington, DC 20310-0101

and

**U.S. NORTHERN COMMAND**
250 Vandenberg Street, Building 2
Suite B0160
Peterson AFB, CO 80914-3808

     Defendants.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

The Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP"), by and through its undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the Department of the Army (the "Army") and U.S. Northern Command ("NORTHCOM") (collectively, "Defendants").

2. By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release records related to training provided to Marines

and California National Guard Soldiers activated to the Los Angeles area under U.S. Army North ("ARNORTH") Task Force 51.  Plaintiff is statutorily entitled to the disclosure of these records, and Defendants have improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

3.    The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.    Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records.  The Reporters Committee is located in Washington, DC.

6.    Defendant Army is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, or control of the records that the Plaintiff seeks.  The Army is headquartered in Washington, DC.

7.    Defendant NORTHCOM is an agency within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, or control of the records that the Plaintiff seeks.  NORTHCOM is headquartered at Peterson Air Force Base

2

in Colorado. ARNORTH is NORTHCOM's Army Service Component Command, headquartered at Fort Sam Houston in Texas.

## Facts

### The Army Request

8. On June 23, 2025, Plaintiff submitted a FOIA request to the Army Headquarters' FOIA Office, via email at usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil (the "Army Request"). A true and correct copy of the Army Request is attached hereto as **Exhibit 1** and is incorporated by reference.

9. The Army Request sought:

1. Any rules, directives, policies, orders, operating procedures, guidance, or written informational material of any kind provided to the Activated Marines and/or the California National Guard Unit that include any of the following words or phrases (case insensitive):
    a. First Amendment
    b. Press
    c. Reporters
    d. Media
    e. Curfew;

2. Any material prepared for or used in the training of the Activated Marines and/or the California National Guard Unit, as described above, that include any of the following words or phrases (case insensitive):
    a. First Amendment
    b. Press
    c. Reporters
    d. Media
    e. Curfew;

3. All emails sent to or from to Major General Scott M. Sherman that include any of the following words or phrases (case insensitive):
    a. First Amendment
    b. Press
    c. Reporters
    d. Media
    e. Curfew;

3

4. All electronic messages sent from or two Major General Scott M. Sherman that include any of the following words or phrases (case insensitive):
   a. First Amendment
   b. Press
   c. Reporters
   d. Media
   e. Curfew,
along with as the 20 messages that chronologically precede and the 20 messages that chronologically succeed such electronic message(s) in the applicable electronic conversation/thread.

Ex. 1.

10.    The Army Request defined "Activated Marines" as "the approximately 700 Marines from the 2nd Battalion, 7th Marines, 1st Marine Division, activated in Los Angeles on or about June 9, 2025."  The Army Request further defined "California National Guard Unit" as "the National Guard soldiers from the 79th Infantry Brigade Combat Team, a California National Guard unit in a Title 10 status, in the greater Los Angeles Area."  Ex. 1 (internal quotation marks omitted).

11.    The Army Request noted that unless otherwise specified, the date range for the requested records was May 1, 2025, to the date a search is conducted for the specific type of record at issue (inclusive).  Ex. 1.

12.    The Army Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof.  *See* Ex. 1.

13.    On July 26, 2025, RCFP received an email from the Army Headquarters FOIA Office regarding the Army Request (the "Response").  The Response stated that the Army Headquarters FOIA Office was not the owner of the records sought in

4

the Army Request.  The Response assigned tracking number FA-25-6995 / FP-25-030061 to the Army Request.  The Response further stated that the correct office to process the request was the Office of the Secretary of Defense/Joint Staff ("OSD/JS"), ARNORTH, and NORTHCOM, and that the Army Headquarters had referred the request to OSD/JS, ARNORTH, and NORTHCOM by way of the Response for processing and direct response to RCFP.  A true and correct copy of the Response is attached hereto as **Exhibit 2**.

14.    On November 21, 2025, Plaintiff contacted the ARNORTH FOIA Officer and the ARNORTH Public Affairs Officer via email at USARNORTH_FOIA_REQUEST@army.mil and usarmy.jbsa.arnorth.mbx.pao@mail.mil, respectively, to inquire about the status of the Army Request.  A true and correct copy of this communication is attached hereto as **Exhibit 3**.

15.    Plaintiff received an undeliverable message from USARNORTH_FOIA_REQUEST@army.mil, stating that the address was "configured to reject messages sent to it from outside its organization."  A true and correct copy of the message is attached hereto as **Exhibit 4**.

16.    Plaintiff did not receive a response from the ARNORTH Public Affairs Officer.

17.    As of the date of the filing of this Complaint, it has been approximately 269 calendar days and 179 business days since the Army Request was referred to ARNORTH.

18.     As of the date of the filing of this Complaint, Plaintiff has received no further communications from ARNORTH regarding the Army Request.

<u>The NORTHCOM Request</u>

19.     On June 23, 2025, Plaintiff submitted a FOIA request to NORTHCOM's FOIA Office, via email at n-nc.peterson.n-ncspecialstaff.mbx.cska-foia-omb@mail.mil (the "NORTHCOM Request").  A true and correct copy of the Army Request is attached hereto as **Exhibit 5** and is incorporated by reference.

20.     The NORTHCOM Request sought:

1.  Any rules, directives, policies, orders, operating procedures, guidance, or written informational material of any kind provided to the Activated Marines and/or the California National Guard Unit that include any of the following words or phrases (case insensitive):
   a. First Amendment
   b. Press
   c. Reporters
   d. Media
   e. Curfew;

2.  Any material prepared for or used in the training of the Activated Marines and/or the California National Guard Unit, as described above, that include any of the following words or phrases (case insensitive):
   a. First Amendment
   b. Press
   c. Reporters
   d. Media
   e. Curfew;

3.  All emails sent by any individual at USNORTHCOM to Major General Scott M. Sherman that include any of the following words or phrases (case insensitive):
   a. First Amendment
   b. Press
   c. Reporters
   d. Media
   e. Curfew;

6

4.  All electronic messages sent by any individual at USNORTHCOM to Major General Scott M. Sherman that include any of the following words or phrases (case insensitive):
   a. First Amendment
   b. Press
   c. Reporters
   d. Media
   e. Curfew.

Ex. 5.

21.   The NORTHCOM Request defined "Activated Marines" as "the approximately 700 Marines from the 2nd Battalion, 7th Marines, 1st Marine Division, activated in Los Angeles on or about June 9, 2025."  The NORTHCOM Request further defined "California National Guard Unit" as "the National Guard soldiers from the 79th Infantry Brigade Combat Team, a California National Guard unit in a Title 10 status, in the greater Los Angeles Area."  Ex. 5 (internal quotation marks omitted).

22.   The NORTHCOM Request noted that unless otherwise specified, the date range for the requested records was May 1, 2025, to the date a search is conducted for the specific type of record at issue (inclusive).  Ex. 5.

23.   The NORTHCOM Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof.  *See* Ex. 5.

24.   On June 24, 2025, NORTHCOM's FOIA Manager Rhonda Ross contacted RCFP via email with questions regarding the NORTHCOM Request. RCFP responded the same day.  A true and correct copy of this exchange is attached hereto as **Exhibit 6**.

7

25.     On October 28, 2025, NORTHCOM's Command Publication Manager Alyssa Lawrence contacted RCFP, stating that OSD/JS had referred the Army Request to NORTHCOM.  NORTHCOM assigned tracking number 25-R-061 to the Army Request.  A true and correct copy of this exchange is attached hereto as **Exhibit 7**.

26.     On October 29, Ms. Lawrence contacted RCFP to ask whether the Army Request had also been submitted to ARNORTH.  *See* Ex. 7.

27.     On November 20, Ms. Ross, Ms. Lawrence, and Plaintiff discussed the Army Request and the NORTHCOM Requests (collectively, the "RCFP Requests"). Plaintiff clarified that it sought a response from NORTHCOM as to the NORTHCOM Request and not as to the Army Request.  Plaintiff also responded to questions regarding the scope of the NORTHCOM Request and asked for a tracking number for the NORTHCOM Request.  *See* Ex. 7.

28.     On December 9, Ms. Ross stated that the tracking number would remain 25-R-061.  *See* Ex. 7.

29.     As of the date of the filing of this Complaint, it has been approximately 302 calendar days and 203 business days since the NORTHCOM Request was submitted.

30.     As of the date of the filing of this Complaint, Plaintiff has received no further communications from Defendants regarding the NORTHCOM Request.

## CAUSES OF ACTION

### COUNT I
### Violation of FOIA for Failure to Comply with Statutory Deadlines

31.  Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

32.  Defendants are agencies subject to FOIA.

33.  By the RCFP Requests, Plaintiff properly requested records within the possession, custody or control of Defendants.

34.  Defendants failed to make determinations with respect to the RCFP Requests within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

35.  Defendants' failure to provide determinations with respect to the RCFP Requests within the statutory required timeframe are violations of FOIA.

36.  Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the RCFP Requests. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

### COUNT II
### Violation of FOIA for Wrongful Withholding of Agency Records

37.  Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

38.  Defendants are agencies subject to FOIA.

39.  By the RCFP Requests, Plaintiff properly requested records within the possession, custody or control of the Defendants.

9

40.    The RCFP Requests complied with all applicable regulations regarding the submission of FOIA requests.

41.    Defendants have not released any records or portions thereof in response to the RCFP Requests.

42.    Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the RCFP Requests.

43.    Defendants have not identified whether or how release of the records sought by the RCFP Requests would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

44.    Defendants have improperly withheld records responsive to the RCFP Requests in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    Issue a declaration that Defendants' failure to provide a determination with respect to the RCFP Requests within the required statutory deadline is a violation of FOIA;

(2)    Order Defendants to complete their search for records responsive to the RCFP Requests, and to issue determinations with respect to the RCFP Requests;

(3)    Order Defendants to release all non-exempt records or portions thereof responsive to the RCFP Requests;

10

(4)    Issue a declaration that RCFP is entitled to disclosure of the records responsive to the RCFP Requests;

(5)    Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the RCFP Requests;

(6)    Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7)    Grant such other relief as the Court may deem just and proper.


Dated:  April 21, 2026

Respectfully submitted,


*/s/ Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*

11